IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOUTHTRUST BANK,                }
                                }
    Plaintiff,                  }
                                }      CIVIL ACTION NO.
v.                              }
                                }      CV-00-AR-2879-S
SERVICEMASTER DIVERSIFIED       }
HEALTH SERVICES, L.P., et       }
al.,                            }
                                }
    Defendants.                 }

**MEMORANDUM OPINION**

Before the court are motions by defendants, ServiceMaster Diversified Health Services, L.P., and BEP Services, L.P. (hereinafter collectively referred to as "ServiceMaster"), for summary judgment, and to strike exhibits B & C of plaintiff's evidentiary submission in opposition to defendants' motion for summary judgement. The court also has before it the motion by International Health Care Properties X, L.P. ("IHCP"), to intervene as party plaintiff. For the reasons set out below, all three motions will be denied.

**Pertinent Facts**

On October 31, 1991, IHCP and ServiceMaster signed a Management Agreement whereby ServiceMaster agreed to manage Pavilion, a nursing home facility owned by IHCP in Kentucky. The Agreement contained an anti-assignment provision requiring written



consent of the parties before assigning rights under the Management Agreement.

On July 1, 1993, IHCP and ServiceMaster signed an Amended Management Agreement (the "Agreement") which provided that IHCP would pay ServiceMaster 6% of Pavilion's net revenues as a management fee. The Agreement also contained an anti-assignment provision similar to the 1991 Agreement.

On September 14, 1994, SouthTrust loaned IHCP $3.882 million, and on September 19, 1994, IHCP executed a mortgage and security agreement in favor of SouthTrust as collateral for the loan. As part of the mortgage and security agreement, IHCP conveyed unto SouthTrust all general intangibles as security for the loan. ServiceMaster, IHCP and SouthTrust executed a Subordination Agreement and Intercreditor Agreement, the interpretation of the following provision forming the crux of this dispute: "The Management Agreement and all unaccrued and accrued but unpaid Management Fees (as hereinafter defined) now or from time to time hereafter owing to Manager [i.e., ServiceMaster] thereunder shall be subordinate to the Loan . . . "

In February 1998, the State of Kentucky's Cabinet for Health Services investigated the Pavilion, and due to apparent code violations, shut down the facility. As a result, IHCP defaulted on its loan to SouthTrust. SouthTrust foreclosed on the Pavilion and

2

is now its legal owner.

On September 13, 2000, SouthTrust sued ServiceMaster alleging it suffered damages arising out of ServiceMaster's breach of the Agreement with IHCP.

### Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a **genuine** issue of **material** fact, not merely some factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575 (1968)).

Defendants' motion for summary judgment should be denied "if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might

reach differing conclusions." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997)(quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)). If, however, as a matter of law, a jury could not return a verdict for plaintiff, defendants' motion must be granted.

## Discussion

### 1. Defendants' Motion for Summary Judgment

Defendants argue that SouthTrust lacks standing to bring this action because it is neither a third party beneficiary of the Agreement signed between SouthTrust and IHCP, nor a legal assignee of IHCP's rights under the Agreement.

SouthTrust contends that it has standing to bring this action because the anti-assignment provision in the Agreement is invalid pursuant to Alabama Code § 7-9-318(4), which provides:

> A term in any contract between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest.

SouthTrust argues that ServiceMaster is an 'account debtor', which is defined under Alabama Code § 7-9-105(a) as "the person who is obligated on an account, chattel paper, or general intangible." Alabama Code § 7-9-106 defines an 'account' as "any right to payment for goods sold or leased or for services rendered which is

4

not evidenced by an instrument or chattel paper, whether or not it has been earned by performance." SouthTrust contends that an action for a breach of contract is a 'general intangible' which is "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments, investment property, rights to proceeds of written letters of credit, and money." Alabama Code § 7-9-106 (1975).

According to SouthTrust, under the mortgage and security agreement, IHCP conveyed to SouthTrust certain collateral, including 'general intangibles' which included "things in action, contract rights and other rights to payment of money." In light of these facts, and due to Alabama Code § 7-9-318(4), SouthTrust contends that the anti-assignment provision is unenforceable, and that it is entitled to money damages as a result of ServiceMaster's breach of contract under the Agreement.

While no case law exists concerning the application of Alabama Code §7-9-318(4), SouthTrust does, however, refer to cases in other jurisdictions that invoke U.C.C. § 9-318(4) and that enforce assignments of general intangibles notwithstanding a contractual provision prohibiting assignments or requiring the consent of the interested parties. The facts in those cases are similar to the facts in the instant case. While not entirely free from doubt, it appears to be that Alabama Code § 7-9-318(4) applies in this

5

action, and therefore, that defendants' motion for summary judgment should be denied. The court could remove the doubt by certifying the question to the Supreme Court of Alabama, but this court does not want to wear out its welcome with that court.

SouthTrust also contends that ServiceMaster, by negotiating and signing the Subordination Agreement, consented to IHCP's assignment of its contractual rights to SouthTrust. ServiceMaster alleges that it only agreed to subordinate its contractual rights to get paid under the Agreement with IHCP to SouthTrust's right to receive payment for its loan. Under the Subordination Agreement, SouthTrust contends that ServiceMaster put all its rights and interests subordinate to those of SouthTrust, not merely ServiceMaster's right to receive compensation under the Agreement. Construing the evidence in SouthTrust's favor, SouthTrust's argument serves as another basis upon which defendants' motion for summary judgment should be denied.

### 2. Defendants' Motion to Strike Exhibits

Included in its response to defendants' motion for summary judgment, SouthTrust submitted three exhibits, two of which are the object of defendants' motion to strike. The first exhibit is a letter concerning the Subordination Agreement from ServiceMaster's attorney to SouthTrust's attorney and a marked-up draft of the Subordination Agreement. The second exhibit is a letter written by

6

ServiceMaster's attorney rendering an opinion on SouthTrust's loan to IHCP.

According to SouthTrust, the exhibits are offered to show that "ServiceMaster knew in advance that the Subordination Agreement was a condition of the loan to IHCP . . . [and that] ServiceMaster's execution of the Subordination Agreement, which it had negotiated, should be construed as written permission" allowing IHCP to validly assign contract rights to SouthTrust under the Agreement. ServiceMaster contends that the two exhibits should be stricken under the parol evidence rule because SouthTrust has neither challenged the unambiguous nature of the contract nor has it challenged whether the Subordination Agreement was a complete and accurate representation of that agreement.

The parol evidence rule provides that extraneous evidence is inadmissible to alter, vary or qualify the terms of an unambiguous contract. Antecedent understandings and negotiations should not be admitted for the purpose of varying or contradicting the writing. Here, SouthTrust is not offering the evidence to vary or contradict the terms of the Subordination Agreement, but merely to affirm the active participation of all the parties, namely ServiceMaster, in the drafting of the Subordination Agreement. The evidence is offered to support SouthTrust's contention that ServiceMaster was aware, among other things, of the terms of the Subordination

7

Agreement. For this reason, the defendants' motion to strike will be denied.

### 3. IHCP's Motion to Intervene

Because the court is denying defendants' motion for summary judgment, IHCP has no standing to intervene in this action.

### Conclusion

A separate and appropriate order will be entered in conformity with the foregoing opinion.

DONE this 3rd day of April, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8